CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 29 2010

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KENNETH D. LIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:09CV00077 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CLARKE COUNTY SCHOOL BOARD | ) | By: Hon. Glen E. Conrad |
| BOARD, et al., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

The plaintiff, Kenneth D. Liggins, proceeding pro se, filed this civil rights action under 42

U.S.C. § 1983 against the Clarke County School Board; the clerk of the School Board, Thomas

Judge; and four School Board members, Robina R. Bouffault, Jennifer Welliver, Emily Rhodes, and

Janet Alger. The case is presently before the court on the defendants' partial motion to dismiss

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion

will be granted in part and denied in part, and the plaintiff will be granted leave to file an amended

complaint.

## Background

The following facts, which are taken from the plaintiff's complaint, are accepted as true for

purposes of the defendants' motion to dismiss. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct.

1937, 1950 (2009).

On April 14, 2008, the Clarke County School Board held a public meeting to receive

comments pertaining to the demotion of a black female principal. The meeting was attended by

approximately 150 people. Of those, approximately fifteen people signed a list to speak at the

meeting, including the plaintiff, Kenneth Liggins.

Liggins alleges that he did not cause any disruption while he listened to the other citizens address the School Board. Nonetheless, after Liggins was called on to speak, Robina Bouffault, the chairperson of the School Board, "demand[ed] that the Plaintiff stop speaking and go [sit] down." (Compl. at para. 20). When Liggins continued to speak, Bouffault "demand[ed] that defendant Thomas Judge call the police" in order to have Liggins removed from the meeting. (Compl. at para. 22). Once the police were called, Liggins stopped speaking and returned to his seat.

Based on the foregoing allegations, Liggins asserts that the defendants violated his right to free speech under the First Amendment to the United States Constitution (Count I). Liggins also alleges that the defendants violated his right to freely associate under the First Amendment (Count II); his First Amendment right to freely exercise his religion (Count III); and his equal protection rights under the Fourteenth Amendment (Count IV). He seeks declaratory and injunctive relief, as well as monetary damages totaling more than ten million dollars.

On November 30, 2009, the defendants filed the instant motion to dismiss. The court held a hearing on the defendants' motion on January 27, 2010. The motion has been fully briefed and is ripe for review.

## Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of a plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## Discussion

In their partial motion to dismiss, the defendants seek dismissal of the claims against the individual defendants in their individual and official capacities; the claims asserted in Counts II, III, and IV; and the plaintiff's claims for declaratory relief, injunctive relief, punitive damages, and treble damages. The court will address each of these claims in turn.

### I. The Individual Defendants

#### A. Individual Capacity Claims

The clerk of the School Board, Thomas Judge, and the four School Board members, Robina Bouffault, Jennifer Welliver, Emily Rhodes, and Janet Alger, were sued in both their individual and official capacities. The defendants have moved to dismiss the individual-capacity claims on the basis that it is clear from the complaint that these five defendants were acting solely in their official capacities during the time period in question. The defendants emphasize that "[a]ll of Plaintiff's allegations relate to events that occurred during the course of a School Board meeting and all of the relevant events took place after the School Board Chairperson called the meeting to order." (Defs.' Initial Br. at 3). However, the defendants' argument – that individuals cannot be held liable in their

3

personal capacities for conduct that occurs during the course of exercising their official duties –

reflects a misunderstanding of the applicable law.

The distinction between official-capacity suits and individual-capacity suits was clarified by

the United States Supreme Court in Kentucky v. Graham, 473 U.S. 159 (1985). The Court

explained that official-capacity suits "'generally represent only another way of pleading an action

against an entity of which an officer is an agent,'" and are, in essence, "suit[s] against the entity."

Graham, 473 U.S. at 165-166 (quoting Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 n. 55

(1978)). On the other hand, individual-capacity, or personal-capacity suits, "seek to impose

personal liability upon a government official for actions he takes under color of state law." Id. at

165. To establish liability in such cases, "it is enough to show that the official, acting under color of

state law, caused the deprivation of a federal right." Id. at 166.

Applying the principles set forth in Graham, the court concludes that the allegations in

Liggins' complaint are clearly sufficient to state a claim against Bouffault in her individual capacity.

The defendants concede that the plaintiff has alleged sufficient facts to establish that his right to free

speech was violated at the School Board meeting, and it was Bouffault who directed Liggins to stop

speaking and demanded that the police be called to remove Liggins from the meeting.

On the other hand, the court concludes that the allegations in the complaint are not sufficient

to establish that Judge, Welliver, Rhodes, or Alger "caused the deprivation of a federal right."

Graham, 473 U.S. at 166. While Liggins suggests that these defendants could have expressed

opposition to Bouffault or otherwise prevented her from violating Liggins' First Amendment rights,

merely failing to prevent a constitutional deprivation is insufficient to state a claim under

4

§ 1983, absent some affirmative duty to act. See Musso v. Hourigan, 836 F.2d 736, 743 (2d Cir.

1988) ("As a general rule, a government official is not liable for failing to prevent another from

violating a person's constitutional rights, unless the official is charged with an affirmative duty to

act."); see also Bowers v. Bd. of Rectors & Visitors of the Univ. of Va., 478 F. Supp. 2d 874, 882

(W.D. Va. 2007) (emphasizing that "only those who shall subject or cause to be subjected . . . to the

deprivation of any rights may be liable" under § 1983, and that "merely failing to prevent a

deprivation is inadequate") (internal quotation marks omitted). Because the facts alleged in the

plaintiff's complaint provide no indication that such a duty to act existed in this case, the court will

dismiss the individual-capacity claims against Judge, Welliver, Rhodes, and Alger.

### B. Official Capacity Claims

To the extent the individual defendants were sued in their official capacities, such claims are

essentially claims against the School Board itself. See Graham, supra. Because the School Board is

also a defendant in this action, the court agrees with the defendants that the official capacity claims

against the individual defendants must be dismissed as duplicative. See Love-Lane v. Martin, 355

F.3d 766, 783 (4th Cir. 2004); J.S. v. Isle of Wight County Sch. Bd., 368 F. Supp. 2d 522, 527 (E.D.

Va. 2005).

### II. Counts II, III, IV

In Counts II, III, and IV, respectively, Liggins alleges, in a conclusory fashion, that the

defendants deprived him of his First Amendment right to associate for expressive purposes, his First

Amendment right to freely exercise his religion, and his Fourteenth Amendment right to equal

protection. As the court explained during the hearing on the defendants' motion, all three counts, as

they stand now, fail to state a claim upon which relief can be granted. Simply stated, the complaint

contains no factual content, which, accepted as true, would state a plausible freedom of association, free exercise, or equal protection claim. See Twombly, 550 U.S. at 555 (emphasizing that a complaint must contain "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Nonetheless, as the court explained during the hearing on January 27, 2009, Liggins' memoranda in opposition to the defendants' motion include multiple allegations that were not included in his complaint. Having reviewed those additional allegations, it appears that the plaintiff might be able to allege sufficient facts to state a viable equal protection claim. Accordingly, the defendants' motion to dismiss will be taken under advisement with respect to the claim that the School Board and Bouffault, in her individual capacity, violated his rights under the Equal Protection Clause, and the plaintiff will be granted leave to file an amended complaint that includes factual allegations which would support such claim. On the other hand, it appears from the additional allegations in the plaintiff's memoranda that any attempt to amend his complaint to state a freedom of association or free exercise claim would be futile. Accordingly, the defendants' motion to dismiss will be granted with respect to those claims.

## III.  Plaintiff's Requested Relief

In his prayer for relief, Liggins first requests a declaratory judgment that the defendants violated his constitutional rights. The court agrees with the defendants that such claim is without merit. As the defendants noted in their initial memorandum, a party seeking a declaratory judgment "must show a realistic threat of future harm." Goldstein v. Moatz, 364 F.3d 205, 219 n. 17 (4th Cir. 2004) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 104 (1983)). In this case, Liggins merely requests a declaration that the defendants violated the law in the past; he does not assert that he will

be subjected to the alleged misconduct in the future. Accordingly, "even if defendants violated [Liggins'] rights in the past as he alleges, he is not entitled to a declaration to that effect." Martin v. Keitel, 205 F. App'x 925, 928 (3d Cir. 2006). Thus, the court will grant the defendant's motion with respect to Liggins' request for declaratory relief.

For similar reasons, the court must also dismiss Liggins' request for injunctive relief. "The law is well settled that federal injunctive relief is an extreme remedy." Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995). Such relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." Lyons, 461 U.S. at 111. Because Liggins does not allege facts which would demonstrate either a continuing wrong or a real and immediate threat that he "will again be wronged in a similar way," Id., his request for injunctive relief will also be dismissed.

Finally, the court must dismiss the plaintiff's request for punitive damages against the School Board, as well as his request for treble damages. It is well-established that school boards and other municipal entities are "exempt from punitive damages." Myers v. Loudoun County Sch. Bd., 500 F. Supp. 2d 539, 547 n.13 (E.D. Va. 2007) (citing Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)). Moreover, unlike some federal statutes, treble damages are not available under § 1983.* See, e.g., Cullen v. Margiotta, 811 F.2d 698, 713 (2d Cir. 1987) (distinguishing the damages available under § 1983 from those available under the Racketeer Influenced and Corrupt Organizations Act).

---

* The court notes that a successful plaintiff in a § 1983 action is generally limited to compensatory or nominal damages. See Piver v. Pender County Bd. of Educ., 835 F.2d 1076, 1082 (4th Cir. 1987). Punitive damages are allowed only in cases where it is necessary "to punish defendants who act with a malicious intent to deprive plaintiffs of their rights or to do them injury." Id.

## Conclusion

For the reasons stated, the defendant's Rule 12(b)(6) motion will be granted in part, denied in part, and taken under advisement in part. Thomas Judge, Jennifer Welliver, Emily Rhodes, and Janet Alger will be dismissed from the case, and the plaintiff will have ten days to file an amended complaint in accordance with this opinion.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to the plaintiff and all counsel of record.

ENTER: This _____ day of January, 2010.

_____
United States District Judge