CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 17 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KENNETH D. LIGGINS, | ) |
| | ) Civil Action No. 5:09CV00077 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| CLARKE COUNTY SCHOOL | ) Chief United States District Judge |
| BOARD, et al., | ) |
| | ) |
| Defendants. | ) |

This case is presently before the court on the plaintiff's motion for relief from judgment under Rule 60(d) of the Federal Rules of Civil Procedure. For the reasons that follow, the court concludes that it is clear from the record that the plaintiff is not entitled to relief under this rule. Accordingly, the court will deny the plaintiff's motion and his request for a hearing.

## Procedural History

Kenneth D. Liggins, proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on September 30, 2009. Liggins asserted that his rights to equal protection and free speech were violated when defendant Robina R. Bouffault, then-Chairman of the Clarke County School Board ("School Board"), stopped him from speaking at a School Board meeting on April 14, 2008.

Following the completion of discovery, the defendants moved for summary judgment on the claims asserted against Bouffault. On September 17, 2010, the motion was granted in part and denied in part. To the extent Liggins' equal protection claim was premised on the assertion that he was subjected to race discrimination, the court held that Bouffault was entitled to summary

judgment.[1]  However, the court denied the defendants' motion to the extent that Liggins asserted a "class of one" equal protection claim against Bouffault.  The court also denied the defendants' motion with respect to the First Amendment claim asserted against Bouffault.  See Liggins v. Clarke County Sch. Bd., 5:09CV00077, 2010 U.S. Dist. LEXIS 97741 (W.D. Va. Sept. 17, 2010).

By subsequent agreement of the parties, the case proceeded to trial solely on Liggins' First Amendment claim.  On October 1, 2010, a jury returned a verdict in Bouffault's favor.  Liggins moved to set aside the verdict and for a new trial.  The court denied the motions on October 28, 2010, and entered final judgment in favor of Bouffault.  Liggins then appealed to the United States Court of Appeals for the Fourth Circuit, which found no reversible error.  Liggins v. Bouffault, 434 F. App'x 237 (4th Cir. 2011).

Nearly four years after final judgment was entered in Bouffault's favor, Liggins filed the instant motion to set aside the judgment, pursuant to Rule 60(d)(1) and (3) of the Federal Rules of Civil Procedure.  Liggins claims that Bouffault and her attorney "perpetrat[ed] a fraud" on the court by withholding evidence during discovery, specifically the minutes from the School Board's April 21, 2008 meeting and an audio recording of that meeting.  Docket No. 137 at 8.

## Summary of the Relevant Facts

During the course of the litigation, Liggins actively participated in the discovery process.  On February 12, 2010, Liggins issued a subpoena directly to Bouffault's attorney, Stacy Haney, seeking "a copy of [the] DVD from [the] April 14, 2008 public hearing," and "a copy of [the] DVD from [the] April 21, 2008 public hearing."  Docket No. 137-1 at 2.  On March 1, 2010, Haney

---

[1] Liggins, who is African-American, asserted that he was treated differently at the April 14, 2008 meeting than a Caucasian educator who spoke at a subsequent School Board meeting on April 21, 2008, and that race discrimination could be inferred from the disparate treatment.  In granting the defendants' motion for summary judgment with respect to this claim, the court emphasized that Liggins had "failed to rebut the defendants' evidence indicating that he was not similarly situated to the Caucasian educator and that race was not a factor in any disparate treatment." Liggins v. Clarke County Sch. Bd., 5:09CV00077, 2010 U.S. Dist. LEXIS 97741, at *33-34 (W.D. Va. Sept. 17, 2010).

2

sent Liggins a disk containing an audio recording of the April 14, 2008 meeting. She advised him that the School Board did not have a recording of the April 21, 2008 meeting.

Liggins subsequently moved to have the defendants held in contempt of court for "providing false and misleading information." Docket No. 44. Liggins claimed that he was unable to play the disk in his DVD player, and that Haney had intentionally sent him a "blank disk." Id.

Liggins' motion was heard by former United States Magistrate Judge B. Waugh Crigler on April 6, 2010. During the hearing, Haney explained that the disk provided to Liggins contained an audio recording of the April 14, 2008 meeting, and that the disk had to be played on a computer rather than a DVD player. Docket No. 136 at 5. When asked if there was any video recording of the meeting, Haney advised Judge Crigler that there was "no video at all of the proceedings." Id. Additionally, Haney confirmed that the defendants did not possess any audio or video recording of the April 21, 2008 meeting. Id. at 8.

On April 7, 2008, the defendants responded to Liggins' first requests for production of documents. Liggins again sought copies of the "DVD[s]" from the School Board meetings held on April 14, 2008 and April 21, 2008. Docket No. 139-3 at 3. The defendants responded that there was no video recording of the April 14, 2008 meeting, that the audio recording of that meeting had already been produced to Liggins, and that there was no recording of the April 21, 2008 meeting. Liggins did not request copies of the minutes from either meeting.

The defendants responded to Liggins' second request for production of documents on May 12, 2010. Liggins once again requested a copy of the "DISK taken on April 21st 2008 Public meeting," and was told that the defendants "d[id] not have any recording or 'disk' of the April 21,

2008 meeting." Docket No. 139-4 at 3. Liggins did not request copies of the minutes from that meeting.

Liggins then served a third request for production of documents, to which the defendants responded on May 24, 2010. Liggins requested the sign-in sheet for the April 14, 2008 meeting, but did not request School Board minutes for any meetings. On July 19, 2010, the defendants responded to Liggins' fourth request for production of documents, in which he made no request for any documents or recordings specifically related to either the April 14, 2008 meeting or the April 21, 2008 meeting.

In early 2014, in response to a request under the Virginia Freedom of Information Act, Dr. Michael Murphy, then-Superintendent of the Clarke County Public Schools, asked Renee Weir, Office Manager and Clerk of the School Board, to search for the School Board minutes from the April 21, 2008 meeting and any audio recording from that meeting. Weir located a copy of the minutes, which were then produced to Liggins. However, she was unable to locate any audio recording of that meeting.

Both sides have filed affidavits to support their respective positions on the instant motion. Liggins has submitted an affidavit signed by Janet Alger, who has served on the Clarke County School Board since 2008. In her affidavit, Alger states that she "participated in the Clarke County School Board Meeting held on April 21, 2008," and that "an audio recording was created and maintained for the April 21, 2008 School Board Meeting as it was the School Board practice to create and maintain an audio recording of all School Board meetings." Docket No 137-7 at 2.

Bouffault has submitted her own affidavit, as well as an affidavit from Renee Weir, the current Clerk of the School Board. Bouffault states in her affidavit that when she became Chairman of the School Board in January of 2008, there was no official policy or practice which

4

required audio recordings from School Board meetings to be maintained for any particular period of time. Instead, "[t]he practice in place when [she] became Chairman of the School Board was to record School Board meetings on micro-cassettes, keep the cassette recordings until the School Board meeting minutes were adopted and approved by the School Board at a subsequent meeting, and then to re-use the micro-cassettes in subsequent School Board meetings without preserving the earlier recording." Docket No. 139-2 at 1. Bouffault indicates that the audio recording from the April 14, 2008 meeting was maintained because she "made a specific request to then Clerk of the School Board, Thomas Judge, to keep a copy of the audio recording from that particular meeting due to the large number of people in attendance at the meeting, which was unusual at the time, and the contentious nature of the meeting and behavior exhibited by attendees. . . ." Id. at 1-2. That recording, she later learned, was put on a disk and maintained.

Renee Weir has served as the Clerk of the School Board since January 2013. According to her affidavit, the audio recordings of the School Board meetings "are used to prepare the minutes of each School Board meeting and once the minutes have been approved and adopted by the School Board at a subsequent meeting, the minutes are the official record of that School Board meeting and the digital recordings are not saved or maintained by the School Board." Docket No. 139-1 at 1. Prior to signing her affidavit, Weir searched for audio recordings of School Board meetings that were still in the possession of the School Board. "[T]he only audio recordings located were an audio recording on a disc from the April 14, 2008 School Board meeting; and two from recent School Board meetings, one held in June and the other in July of . . . 2014, for which minutes ha[d] not yet been approved and adopted by the School Board." Id. at 2.

5

Case 5:09-cv-00077-GEC   Document 147   Filed 11/17/14   Page 5 of 10   Pageid#: 1361

### Discussion

Rule 60 of the Federal Rules of Civil Procedure sets forth the bases upon which a party may seek relief from a final judgment. Ordinarily, when a party believes that his opponent has obtained a judgment by "fraud" or "misrepresentation," he may move for relief under Rule 60(b)(3). See Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014). However, such motion must be filed within one year after the entry of the judgment and, thus, is unavailable in the instant case. See Fed. R. Civ. P. 60(c)(1). Consequently, Liggins seeks to vacate the judgment for alleged "fraud on the court" under Rule 60(d)(3). Alternatively, he asserts a claim for equitable relief under Rule 60(d)(1).

### I.  Rule 60(d)(3)

A judgment may be set aside under Rule 60(d)(3) if the movant provides clear and convincing evidence of "fraud on the court." Fed. R. Civ. P. 60(3); see also United States v. MacDonald, No. 87-5038, 1998 U.S. App. LEXIS 22073, at *6 (4th Cir. Sept. 8, 1998) ("It is settled that the clear and convincing standard applies in . . . cases alleging fraud upon the court.") (citing cases). Fraud on the court, as the Fourth Circuit recently emphasized, is "not your 'garden-variety fraud.'" Fox, 739 F.3d at 135 (quoting George P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (1st Cir. 1995)). The doctrine instead involves "corruption of the judicial process itself," Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 986 (4th Cir. 1986), and "should be invoked only when parties attempt 'the more egregious forms of subversion of the legal process.'" Fox, 739 F.3d at 136 (quoting Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1357 (4th Cir. 1982)). Because of its "constricted scope," the fraud on the court doctrine is generally "limited to situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its

6

ability to function impartially is directly impinged.'" Id. (quoting Great Coastal Express, 675 F.2d at 1356). Mere "'[f]raud between parties' would not be fraud on the court, 'event if it involves [p]erjury by a party or witness'" or the nondisclosure of evidence. Id. (quoting Meindl v. Genesys Pac. Techs., Inc., 204 F.3d 124, 130 (4th Cir. 2000)); see also Great Coastal Express, 675 F.2d at 1356 ("[C]ourts confronting the issue have consistently held that perjury or fabricated evidence are not grounds for relief as 'fraud on the court.'"). "Proving fraud on the court thus presents, under [existing] precedent, a very high bar for any litigant." Fox, 739 F.3d at 136-37.

Applying these principles, the court concludes that Liggins is not entitled to relief under Rule 60(d)(3). In seeking to set aside the judgment, Liggins claims that Bouffault improperly withheld discovery materials from him. However, he has failed to proffer sufficient evidence to support this assertion. To the extent the current motion is based on the minutes from the April 21, 2008 School Board meeting, it is undisputed that the minutes were never requested in any of the multiple discovery requests that Liggins submitted to Bouffault and her attorney. Consequently, Bouffault and her attorney cannot be blamed for this oversight, much less found to have engaged in fraud or other egregious conduct. While Liggins did request a copy of the "DVD" or "DISK" from the April 21, 2008 meeting, he has not offered evidence sufficient to prove that any audio or visual recording was still in existence two years later, when the parties engaged in discovery.

Additionally, it is well settled that mere "nondisclosure [of evidence] does not 'amount[] to anything more than fraud involving injury to a single litigant.'" Fox, 739 F.3d at 137 (quoting Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 1988)). Thus, even if Liggins could prove that Bouffault failed to turn over requested discovery materials, such conduct would not rise to the level of fraud on the court. See, e.g., Great Coastal Express, 675 F.2d at 1357 (holding that allegations of perjury and fabricated evidence were insufficient to establish fraud on the court); see

also LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182-183 (2d Cir. 2010) (affirming the district court's decision that allegations of obstruction of discovery and witness perjury "indicated a fraud upon a single litigant – [the plaintiff] rather than a fraud upon the Court and . . . [could not] proceed under Rule 60(d)(3)") (internal citation and quotation marks omitted); Weese v. Schukman, 98 F.3d 542, 553 (10th Cir. 1996) (holding that the plaintiff's allegations of material misrepresentations and omissions by the defendant, "even if true, cannot properly be characterized as fraud on the court"); Denny v. Ford Motor Co., 959 F. Supp. 2d 262, 267-68 (N.D.N.Y. 2013) (holding that witness perjury and concealment of responsive documents did not qualify as fraud on the court).

Finally, Liggins has failed to prove that any alleged misconduct affected the outcome of his case. See Gupta v. United States Attorney General, 556 F. App'x 838, 841 (11th Cir. 2014) ("Even if there had been sufficient evidence to demonstrate fraud on the court, the district court did not err in requiring proof that the challenged outcome was actually obtained through – or at least impacted by – the alleged fraud."). The April 21, 2008 School Board meeting was relevant only to Liggins' claim of race discrimination, on which Bouffault prevailed on summary judgment. Having reviewed the minutes from the April 21, 2008 meeting, the court remains convinced that Bouffault was entitled to summary judgment on that claim, and that this newly discovered evidence would not have altered the court's previous decision. For all of these reasons, Liggins is not entitled to relief under Rule 60(d)(3).

## II. Rule 60(d)(1)

Liggins' motion also refers to Rule 60(d)(1). Under this subsection of Rule 60, the court has the power to "entertain an independent action to relieve a party from a judgment, order, or

8

proceeding."[2] Fed. R. Civ. P. 60(d)(1). In order to prevail, a plaintiff must show: (1) that the judgment in favor of the defendant "ought not, in equity and good conscience," be enforced; (2) that he had a "good" claim; (3) that "fraud, accident, or mistake" prevented him from obtaining the benefit of his claim; (4) "the absence of fault or negligence" on his part; and (5) "the absence of any adequate remedy at law." Great Coastal Express, 675 F.2d at 1358; see also Asterbadi v. Leitess, 176 F. App'x 426, 430 (4th Cir. 2006).

Upon review of the record and applicable case law, the court concludes that Liggins is not entitled to relief under Rule 60(d)(1). For the same reasons set forth above, Liggins' allegations of fraud do not provide adequate grounds for an independent action under Rule 60(d)(1). See Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 2008) ("[A]llegations of nondisclosure during pretrial discovery do not constitute grounds for an independent action . . . ."); see also Great Coastal Express, 675 F.2d at 1358 (emphasizing that "perjury and false testimony are not grounds for relief in an independent action in the Fourth Circuit for many of the same reasons that apply to fraud on the court"). Moreover, Liggins has failed to show that the alleged fraud prevented him from prevailing in the instant action, or that he had no adequate remedy at law. See Hoti Enters., L.P. v. GECMC 2007 C-1 Burnett St., LLC, 549 F. App'x 43, 44 (2d Cir. 2014) (emphasizing that

---

[2] Liggins did not attempt to pursue an "independent action" as provided in Rule 60(d)(1). See Bankers Mortg. Co. v. United States, 423 F.2d 73, 78-79 (5th Cir. 1970) ("It is important to emphasize that 'independent action,' as used in this clause, was meant to refer to a procedure which has been historically known simply as an independent action in equity to obtain relief from a judgment."); Glaser v. Enzo, No. 1:02CV1242, 2011 U.S. Dist. LEXIS 156616, at *25 (E.D. Va. Apr. 1, 2011) ("An independent action in equity is usually 'a new case – in the same court or another court possessing jurisdiction.'") (quoting Field v. GMAC LLC, No. 2:08CV294, 2009 U.S. Dist. LEXIS 127533, at *1 (E.D. Va. Jan. 30, 2009), aff'd, 328 F. App'x 873 (4th Cir. 2009)). Even if the instant motion could be construed as an independent action, the court concludes that Liggins is not entitled to relief.

9

the "failure to raise a fraud claim within one year under Rule 60(b)(3) precludes a litigant from alleging that the same fraud entitles it to equitable relief [under Rule 60(d)(1)] absent extraordinary circumstances"). Accordingly, Liggins is not entitled to relief under Rule 60(d)(1).

## Conclusion

For the reasons stated, Liggins' motion for relief from judgment will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 17th day of November, 2014.

/s/ Glen Conrad
Chief United States District Judge